UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUIFANG ZHANG, *et. al*,

                    Plaintiffs,

        V.

UNITED STATES OF AMERICA, *et. al*,

                    Defendants.

CASE NO. C19-1211-RSM

ORDER GRANTING UNITED STATES'
PARTIAL MOTION TO DISMISS

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Partial Motion to Dismiss, Dkt. #23. The Court finds oral argument unnecessary to resolve the underlying issues.  Having reviewed Defendants' Motion, Plaintiffs' Response, Defendants' Reply, and the remainder of the record, the Court GRANTS Defendants' Partial Motion to Dismiss and ORDERS Plaintiffs' claims, Counts 3-8, DISMISSED with prejudice.

## II.  BACKGROUND

Given its previous orders on this matter, *see* Dkt. #17, the Court need not set forth the complete facts of this case.  Pro se Plaintiffs Shunichi Takahashi and Huifang Zhang bring this action on behalf of themselves and their minor children, I.G. and D.G., against the United States

of America, the U.S. Department of Homeland Security ("DHS"), the U.S. Customs and Border Protection ("CBP"), and Kevin K. McAleenan in his official capacity as both Acting Secretary of the U.S. Department of Homeland Security and Commissioner of U.S. Customs and Border Protection ("the Government"). Mr. Takahashi is a Japanese citizen and I.G. and D.G. are U.S. citizens. At the time of the alleged incident, I.G. and D.G. were a year and seven months old and seven months old, respectively. Dkt. #21 at 1-2. Ms. Zhang was a U.S. permanent resident at the time and became a U.S. citizen the following year. *Id.* at 4.

This action arises from an incident on September 29, 2015 between Plaintiffs and CBP officers at the border checkpoint in Blaine, Washington. Dkt. #21 at 2. Plaintiffs were traveling to the United States from Canada when CBP Officer Paul Carter initiated a secondary inspection of Mr. Takahashi, who was attempting to enter under the Visa Waiver Program ("VWP"). While Mr. Takahashi was detained for seven hours by border patrol agents, Ms. Zhang was detained with the couple's two minor children while CBP officers refused to return their passports. *Id.* at 4-5. Officer Carter allegedly engaged in fraudulent and malicious questioning of Mr. Takahashi and coerced him into signing a sworn statement. *Id.* at 6-8. As a result of the detention, Plaintiffs claim that they suffer from post-traumatic stress disorder and anxiety disorder and that both children have experienced behavior regression. *Id.* at 4, 9. CBP also revoked Mr. Takahashi's VWP status. *Id.* at 7.

Plaintiffs filed this action against the Government on August 6, 2019. Dkt. #1. The Government moved to dismiss all claims except for those brought under the Federal Tort Claims Act ("FTCA") by Ms. Zhang, I.G. and D.G. Dkt. #8. The Court granted the Government's motion to dismiss except as to Mr. Takahashi's negligence claim under the FTCA. Dkt. #17 at 22. The Court granted Plaintiffs leave to amend those claims dismissed without prejudice:

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS - 2

Administrative Procedure Act ("APA") claims as to Ms. Zhang, D.G. and I.G., Fifth Amendment claims, racial discrimination claims under the Constitution and the Immigration and Nationality Act ("INA"), and negligent supervision under the FTCA. *Id.* at 22-23. It dismissed the remaining claims with prejudice and without leave to amend.

Plaintiffs filed an amended complaint on July 17, 2020 alleging claims under the FTCA (Counts 1-2), denial of due process under the Fifth Amendment (Counts 3-4), requesting a declaration that the Court vacate CBP's determination of inadmissibility under the VWP (Count 5), retaliation under the First Amendment (Count 6), racial discrimination (Count 7), and common law expungement (Count 8). Dkt. #21. Plaintiffs seek $1,500,000 in damages for Mr. Takahashi, $500,000 in damages each for Ms. Zhang, I.G. and D.G., and injunctive relief in the form of vacating and dismissing Mr. Takahashi's charge of inadmissibility and expunging all inaccurate information on his record. *Id.* at 14-15. Plaintiffs also seek declaratory relief in the form of a declaration that the CBP officers violated the law. *Id.* The Government moves to dismiss all claims except for those brought under the FTCA. Dkt. #23.

### III.   DISCUSSION

**A. Legal Standards**

    i.   <u>Motion to Dismiss for Lack of Jurisdiction under 12(b)(1)</u>

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H*

*Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As a general rule, the United States may not be sued unless it has waived its sovereign immunity. *Bramwell v. U.S. Bureau of Prisons,* 348 F.3d 804, 806 (9th Cir. 2003). Accordingly, unless the United States consents to be sued, the Court lacks subject matter jurisdiction over claims against the federal government. *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *see also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th Cir. 2007) ("A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim.") (internal citations omitted). The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities. *Hodge v. Dalton* 107 F.3d 705, 707 (9th Cir.1997) (citing *S. Delta Water Agency v. U.S., Dep't of Interior,* 767 F.2d 531, 536 (9th Cir.1985)). The federal government's waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996) (internal citations omitted). Any limitations and conditions upon the waiver must be strictly observed, *Hodge,* 107 F.3d at 707, and the Court must construe any ambiguities in the scope of such waiver in favor of immunity. *Lane,* 518 U.S. at 192 (citing *United States v. Williams,* 514 U.S. 527, 531 (1995)).

ii.   Motion to Dismiss under 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.  Because Plaintiffs are proceeding pro se, their pleadings must be liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

For the reasons set forth below, the Court finds dismissal of Counts 3-8 appropriate.

**B. Constitutional Claims**

Plaintiffs bring claims under the Fifth Amendment and First Amendment alleging violations of due process and retaliation. Dkt. #21 at 9-11.  While Plaintiffs request $3 million in damages, they clarify that they only seek monetary relief with respect to their FTCA claims under Counts 1 and 2 while the remaining claims "look for declaratory and injunctive relief, not monetary compensation." Dkt. #25 at 4.  Even if Plaintiffs requested monetary relief for their constitutional claims, they have failed to amend their complaint to successfully bring a *Bivens* action against the CBP officers. *See* Dkt. #17 at 10 (Explaining that monetary damages may be recoverable for "constitutional violations perpetrated by government officials, where the official was sued in his or her individual, rather than official, capacity.") (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

For the reasons set forth below, Plaintiffs have failed to state a claim for injunctive or declaratory relief under the Fifth or First Amendments.

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS - 5

i.   <u>Fifth Amendment Claims (Counts 3-4)</u>

Plaintiffs claim that the Government violated their Fifth Amendment due process rights by depriving Ms. Zhang and her citizen children from entry and by failing to supply food, baby formula, and other basic necessities during their seven-hour detainment at the border.  Dkt. #21 at 9 (Count 3).  Plaintiffs also claim that Officer Carter failed to create a record on the facts, failed to correct the record after Mr. Takahashi pointed out the errors, and failed to ensure that Mr. Takahashi signed and initialed each page of the statement and each correction as required under CBP regulations.  *Id.* at 10-11 (Count 4).

The Court previously dismissed Ms. Zhang's and her minor children's Fifth Amendment claims for failure to state a claim on which relief can be granted.  *See* Dkt. #17 at 12 ("Plaintiffs' claims fail because there is no relief available.").  The Amended Complaint fails to correct these deficiencies.  Plaintiffs clarify in their Response that the remedy they seek for these Fifth Amendment violations is a declaratory judgment that Defendants violated the Constitution and the APA. Dkt. #25 at 4-5.  As explained in the Court's previous order, the requested declaratory relief for CBP's past violations is retrospective, not prospective, in nature.  Consequently, it is barred on sovereign immunity grounds.  *See Green v. Mansour*, 474 U.S. 64, 73 (1985) ("[T]he issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited . . . .").

Furthermore, while Plaintiffs do not specifically request prospective injunctive relief, they contend "there is high possibility that Defendant and Plaintiffs will meet again in the future" and thus seek relief for the purpose of affirming their rights.  *See* Dkt. #25 at 4.  Yet to be entitled to prospective relief, a plaintiff "must demonstrate that [s]he is realistically threatened by a

*repetition* of [the violation]." *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (alterations and emphasis in original) (quotation marks omitted).  Plaintiffs claim that future injury is likely because "Defendant has not admitted his misconduct and apologized so far, and also Defendant is still working at the same position in CBP . . . ." Dkt. #25 at 4.[1]  However, the Amended Complaint concedes that when Ms. Zhang, I.G. and D.G. attempted to enter the United States immediately after the September 29, 2015 incident, CBP allowed them to enter "very smoothly." Dkt. #21 at 16.  The Court concludes that Plaintiffs have failed to sufficiently plead likely future injury warranting prospective relief based on the September 29, 2015 incident.

Turning to Mr. Takahashi's Fifth Amendment claims, Plaintiffs' Amended Complaint largely repeats the claims alleged in its original complaint that Officer Carter failed to comply with CBP regulations and VWP refusal procedures when denying Mr. Takahashi entry into the United States.  *See* Dkt. #21 at 10-11.  Plaintiffs again seek injunctive relief in the form of expunging CBP's finding from Mr. Takahashi's record and vacating the inadmissibility determination.  *Id.* at 14-15.  As explained in its previous order, the Court lacks jurisdiction to review CBP's decision to deny Mr. Takahashi admission to the United States under the VWP. *See* 8 U.S.C. § 1187(a)(1); 8 C.F.R. § 217.2.

Plaintiffs' arguments to the contrary are unavailing.  Plaintiffs argue that CBP's determination is reviewable under 8 U.S.C. § 1252 "to decide any questions of law that may arise with respect to these standards."  Dkt. #21 at 10.  However, Section 1252 and the cited cases address judicial review of final orders of removal—not review of admissibility decisions under the VWP.  *See Montero-Martinez v. Ashcroft*, 277 F.3d 1137 (9th Cir. 2002) (Analyzing judicial

---

[1] The Court notes that Plaintiffs' use of the term "Defendant" is unclear.  It appears to refer to the CBP officers involved in the September 29, 2015 incident, yet none of the CBP officers are named defendants in this case.  *See* Dkt. #21 at 2 (listing defendants).

review of removal order under 8 U.S.C. § 1252(a); *U.S. v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004) (Affirming district court jurisdiction over naturalization application); *Ali v. Ashcroft*, 346 F.3d 873, 878–79 (9th Cir. 2003) (Affirming district court jurisdiction over habeas petition seeking injunction to prevent removal).  As the Court explained in its previous order, a VWP entrant may only invoke 8 U.S.C. § 1252(a) if challenging a final order of removal.  *See* Dkt. #17 at 7 (citing *Bingham v. Holder*, 637 F.3d 1040, 1043 (9th Cir. 2011) ("Though a VWP entrant waives the right to contest removal except on the basis of asylum, § 1187(b)(2), a VWP entrant can invoke § 1252(a) to challenge a final order of removal on the basis that he or she is not at all subject to the VWP regime.")).  Here, Mr. Takahashi is not challenging a final order of removal after gaining entry to the United States.  Rather, CBP determined he was inadmissible at the port of entry and Mr. Takahashi challenges that inadmissibility determination.

Plaintiffs argue that the holdings in *Montero-Martinez*, *Hovsepian*, and *Ali* are not limited to orders of removal and the rulings "are more like general law standard."  Dkt. #25 at 4.  They provide no support for this proposition.  On the contrary, courts considering the language of the VWP waiver provision, 8 U.S.C. § 1187(b), have concluded that "[a]t the port of entry, the alien waives the right to any review or appeal of an immigration officer's determination."  *Handa v. Clark*, 401 F.3d 1129, 1134 (9th Cir. 2005); *see also Tsukamoto v. Radcliffe*, 29 F. Supp. 2d 660, 661–62 (D. Haw. 1998) (Finding that VWP precluded review by district court of CBP's denial of admissibility because plaintiff had waived all right to appeal or review the decision).

Accordingly, because of the waiver of review under the VWP, the Court concludes that it lacks jurisdiction to grant Mr. Takahashi's requested injunctive relief in the form of expunging incorrect information from his record and vacating the inadmissibility determination.  Furthermore, to the extent Mr. Takahashi seeks declaratory relief for the officers' alleged Fifth

Amendment violations, sovereign immunity precludes the Court from issuing a declaratory judgment for past violations. *Green*, 474 U.S. at 73.

For these reasons, Plaintiffs' Fifth Amendment due process claims are properly dismissed for failure to state a claim upon which relief can be granted. Because the Court previously identified these deficiencies and allowed Plaintiffs to amend their claims, it concludes that further amendment would be futile.

ii.   First Amendment Claim (Count 6)

Plaintiffs have amended their First Amendment claims to allege retaliation by CBP. Dkt. #21 at 13. Plaintiffs claim that after Mr. Takahashi reported the misconduct of Officer Carter, CBP took an adverse action against him in the form of a "new groundless charge" that damaged him. *Id.* For the reasons set forth above regarding their Fifth Amendment claims, Plaintiffs' First Amendment claims fail to state a claim upon which relief can be granted. Monetary damages are not available, nor is injunctive relief or a retrospective declaratory judgment.

For these reasons, Plaintiffs' First Amendment claims for retaliation are properly dismissed. Because the Court previously granted Plaintiffs leave to amend, it concludes that further amendment is futile.

**C. Admissibility under the VWP and Expungement of Record (Counts 5, 8)**

Plaintiffs also bring claims seeking to expunge Mr. Takashi's record and restore his VWP status. Dkt. #21 at 11-12 (Claim titled "Count 5: No authority"); *id.* at 14 (Claim titled "Expungement (Erase) Action at Common Law, hereafter "Count 8"). Count 5 lists "no authority" as the basis for relief but references the Fifth Amendment due process clause, inadmissibility provisions under Section 212 of the INA, 8 U.S.C. § 1182(a)(7)(A), and VWP refusal procedures in the CBP Inspector's Field Manual, § 15.7(g)(3) as bases for this Court's

1   review of CBP's inadmissibility determination.  Dkt. #21 at 12.  Count 8 seeks declaratory and

2   injunctive relief under common law expungement.  *Id.* at 14.  For the reasons set forth below,

3   these claims fail to state a claim upon which relief can be granted.

4       In their original complaint, Plaintiffs brought a nearly identical claim under the APA

5   seeking judicial review of CBP's decision to deny Mr. Takahashi admissibility at the port of

6   entry.  *See* Dkt. #1 at ¶¶ 40-44.  The Court held that "Plaintiffs offer[ed] no basis for this Court's

7   jurisdiction to review an inadmissibility determination at the port of entry, for which the INA

8   expressly waives reviewability." (citing 8 U.S.C. § 1187(b)(1)).  As a result, the Court concluded

9   that it lacked subject matter jurisdiction to review Mr. Takahashi's claims related to his

10  inadmissibility determination and dismissed this claim under Rule 12(b)(1).

11      Plaintiffs' amended claims fail for the same reasons.  Although Plaintiffs have revised

12  their claims seeking expungement of Mr. Takahashi's record by dropping the reference to the

13  APA, 8 U.S.C. § 1187(b) waives the right to any review or appeal of an immigration officer's

14  determination, thereby precluding judicial review of CBP's inadmissibility determination.

15  *Handa*, 401 F.3d at 1134.  Plaintiffs have offered no statutory authority or case law that modifies

16  this express waiver of rights.   Accordingly, Plaintiffs' claims seeking review of CBP's

17  inadmissibility determination and expungement of Mr. Takahashi's record, Counts 5 and 8, are

18  properly dismissed with prejudice.

19  **D.  Racial Discrimination (Count 7)**

20      Plaintiffs also allege that CBP and its officers racially discriminated against them in

21  violation of their Fifth Amendment right to due process.  Dkt. #21 at 13.  As set forth above,

22  Plaintiffs have failed to sufficiently plead a claim for injunctive or declaratory relief, and

23  monetary damages are not available.  *See* Dkt. #21 at 14-15 (seeking expungement of Mr.

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS - 10

Takahashi's record, reversing CBP's inadmissibility determination, and awarding $3 million in damages).  For that reason, Plaintiffs have failed to state a claim for relief that this Court has authority to grant under the Fifth Amendment.  Plaintiffs' claims for racial discrimination are therefore dismissed.

**E.  Possible Administrative Procedure Act Claim**

Finally, because Plaintiffs are proceeding pro se, the Court finds it necessary to consider whether an APA claim may be liberally construed from their pleadings.  *Eldridge*, 832 F.2d at 1137.  The Amended Complaint does not expressly cite the APA.  *See generally* Dkt. #21. However, it alleges that CBP violated its own standards on "Transport, Escort, Detention and Search Policy" requiring that nursing detainees be provided a snack upon arrival with access to snacks, milk and juice, formula and baby food.  *Id.* at 5 (citing U.S. Customs & Border Patrol, *Nat'l   Standards   on   Transport,   Escort,   Detention,   and   Search*, https://www.cbp.gov/sites/default/files/assets/documents/2020-Feb/cbp-teds-policy-october2015.pdf (Oct. 2015) ("CBP Standards").[2]  The Response clarifies that Plaintiffs allege violations of Ms. Zhang's and her children's Fifth Amendment due process rights in addition to violations of the APA.  Dkt. #25 at 4.  These claims appear to respond to the Court's previous order dismissing without prejudice claims related to Ms. Zhang's and the children's detention under the APA.  *See* Dkt. #17 at 9 ("Plaintiffs have failed to identify any action that Defendants are 'legally required' to take but have nevertheless failed to take, or that they have acted in excess of their authority.").  The Amended Complaint attempts to remedy this deficiency by identifying CBP standards for detention of nursing mothers and young children.  *See* Dkt. #21 at 5.

---

[2] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice *sua sponte* of documents available through government agency websites.  *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS - 11

Notwithstanding these new claims, the APA only provides a judicial remedy for government action beyond the scope of its authority, or for a failure to act when required to do so. *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 64 (2004).   While the Amended Complaint cites to a CBP policy document, Plaintiffs have again "fail[ed] to direct the Court to any applicable statute or regulations that the CBP officers violated [.]"  Dkt. #17 at 9.  As other courts in this circuit have found, alleged violations of policies set forth in a CBP handbook are insufficient to state a claim under the APA.  *See Unknown Parties v. Johnson*, No. CV 15-00250-TUC-DCB, 2016 WL 3484403, at *6 (D. Ariz. Jan. 11, 2016) ("Although some of these documents, such as 'Public laws ... regulations, [and] rules' may have the force of law, this does not mean that the Handbook, itself, is legally binding on Defendants, and Plaintiffs do not otherwise allege violations of any source documents that would give rise to an APA claim.").  As in *Johnson*, Plaintiffs have not alleged that the provisions cited from the CBP Standards document were published in the Federal Register as substantive rules, codified in the Code of Federal Regulations, or otherwise have the force of law.  For that reason, Plaintiffs' claim that their prolonged detention violated CBP's policies fails to state a cognizable claim under the APA. Dismissal is therefore warranted.

**F.  Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, unless it "is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).  The Court concludes that granting leave to amend

Counts 3-8 would be futile given the Court's lack of jurisdiction over the relief sought and Plaintiffs' failure to amend the deficiencies identified in its previous order, Dkt. #17.  The Court therefore declines to grant leave to amend the dismissed claims.

## IV.    CONCLUSION

Having reviewed Defendants' Motion, Plaintiffs' Response, Defendants' Reply, and the remainder of the record, it is hereby ORDERED that Defendants' Partial Motion to Dismiss, Dkt. #23, is GRANTED.  Counts 3-8 are DISMISSED with prejudice.

DATED this 29th day of January, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS - 13