UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUIFANG ZHANG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | CASE NO. C19-1211-RSM <br><br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF |

This matter comes before the Court on pro se Plaintiffs Huifang Zhang and Shunichi Takahashi's motion entitled "Motion for Relief." Dkt. #31. Having reviewed Plaintiffs' Motion, Defendants' Response, and Plaintiffs' Reply, the Court ORDERS that Plaintiffs' motion is DENIED.

A full background of this case is not necessary given the Court's previous orders in this matter. *See* Dkt. #17; Dkt. #28. Construing Plaintiffs' motion liberally, the Court identifies two separate issues contained therein: (1) a challenge to the impartiality of Judge Vaughan; and (2) a motion for reconsideration of this Court's January 29, 2021 order granting Defendants' partial motion to dismiss. The Court will address each issue in turn.

ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF
PAGE - 1

### 1. Impartiality of Judge Vaughan

Plaintiffs' first issue claims that "the defendant 'arranged' one colleague as judge" which "hugely damaged the impartial judiciary environment." Dkt. #31 at 1. As evidence of this lack of impartiality, Plaintiffs cite the Court's order regarding initial disclosures and joint status report issued on July 22, 2021 informing parties that they "have the right to consent to assignment of this case to a full time United States Magistrate Judge" to conduct all proceedings. Dkt. #30 at 2. The order further provided that "[t]he parties should indicate whether they agree that the Honorable S. Kate Vaughan may conduct all proceedings, including trial and the entry of judgment." *Id.* at 2. Plaintiffs argue that because Judge Vaughan "was the defendant's colleague, they used to work at the same office," it is obvious "the defendant has huge influence over this court." Dkt. #31 at 1.

The Court does not construe Plaintiffs' argument as a motion to disqualify, given that they do not state their requested relief. Rather, it appears that Plaintiffs want to make the Court aware of Defendants' "huge influence" that cause Plaintiffs to "worry . . . over the impartial environment." *Id.* For purposes of clarifying the Court's previous order regarding initial disclosure deadlines, Judge Vaughan has not been assigned to this matter. The Court's July 22, 2021 order provided that parties had the right to consent to a Magistrate Judge—it did not direct parties to consent. Given that Plaintiffs have not consented to Judge Vaughan's assignment, their concern regarding her impartiality is immaterial.

### 2. Motion for Reconsideration

Next, Plaintiffs argue that this Court erred in its January 29, 2021 order granting Defendants' partial motion to dismiss, Dkt. #28. Plaintiffs argue that the Court erred in its

analysis of the Visa Waiver Program waiver provision and Plaintiff Zhang's Fifth Amendment claim. *See* Dkt. #31 at 2-4. The Court liberally construes Plaintiffs' filing as a motion for reconsideration.

Motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h). Here, the Court issued its order granting Defendants' partial motion to dismiss on January 29, 2021. Dkt. #28. The deadline to file a motion for reconsideration was therefore no later than February 12, 2021. Because Plaintiffs did not file this motion until six months later, on August 11, 2021, their motion is untimely. Dkt. #31. On this basis alone, denial of Plaintiffs' motion is appropriate.

Accordingly, for the reasons set forth above, Plaintiff's Motion for Relief, Dkt. #31, is DENIED.

DATED this 24th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE