UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUIFANG ZHANG et al.,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:19-cv-01211-TL<br><br>Order Denying Motion for Reconsideration |

On February 17, 2022, Plaintiffs filed a Motion for Reconsideration (Dkt. No. 48) in which they (1) object to the Court's referral of a discovery motion to U.S. Magistrate Judge S. Kate Vaughan, (2) request a change of venue, and (3) seek permission to replead constitutional claims that have been dismissed. For the reasons explained below, the Court REFERS this matter to the Pro Bono Panel for potential representation and DENIES Plaintiffs' Motion for Reconsideration.[1]

---

[1] Defendant filed a response to Plaintiffs' Motion for Reconsideration without a request from the Court. Dkt. No. 49; *see also* LCR 7(h)(3). Accordingly, the Court did not consider that response when ruling on Plaintiffs' motion.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

## I. Background

Plaintiffs Huifang Zhang and Shunichi Takahashi are proceeding *pro se* and litigating this case from abroad. They explain that the course of this case has made them feel "very depressed," and believe that they are the victims of "judicial bias, regional discrimination, and pro se discrimination." Dkt. No. 48 at 2, 3. There is clearly some confusion and suspicion regarding the Court's actions. So, the Court begins with some background to aid Plaintiffs' understanding of the rules and law within which the Court must act.

**A.   Assignment of cases**

When a complaint is filed, the case is randomly assigned to a district court judge. Local Civil Rule (referred to as "LCR") 3(d). This case was re-assigned to Judge Lin when she joined the Court in December.

**B.   Referrals to magistrate judges**

A magistrate judge is also randomly assigned at the beginning of every case, and the parties are asked whether they consent to having *all* proceedings conducted by the pre-assigned magistrate judge. *See* Dkt. No. 30 at 2; *see also* 28 U.S.C. § 636(c). Any party may decline to have *all* proceedings conducted by that magistrate judge, as the parties did in this case. Dkt. No. 35 at 2; *see also* Local Magistrate Judge Rules (referred to as "MJR") 13(a) and (d).

Even when parties do not consent to a magistrate judge conducting *all* proceedings, the district judge may still refer civil discovery matters (like Dkt. No. 37) to the pre-assigned magistrate judge. 28 U.S.C. § 636(b)(1)(A); MJR 3(a). Given the Court's caseload and to help move this case forward in a timely manner, the district court judge referred non-dispositive motions (routine motions that will not resolve the case, such as motions relating to discovery) to a magistrate judge for an initial determination. Magistrate Judge Vaughan was already randomly

pre-assigned to this case.[2] Any party may file an objection to the ruling of a magistrate judge; the objection will be reviewed by the district judge. Fed. R. Civ. P. 72(a); *see also* MJR 3(c).

C.     *Pro Se* Litigants

Plaintiffs misunderstand the Court's guidance that *pro se* parties will be held to the same standards of *conduct* to which it holds attorneys. *Pro se* parties are expected to follow the same rules of *conduct* or behavior as attorneys such as: filing requests for extensions in advance of deadlines, making good faith efforts to meet and discuss discovery disagreements with opposing counsel before filing a motion with the Court, and treating every person with dignity and respect. However, the Court "liberally construe[s]" *pro se* their filings and holds their motions to "less stringent standards" than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Carroll v. San Diego Cty. Jail Sheriff*, No. 3:19-cv-02073-AJB-NLS, 2020 WL 6544661, at *1 (S.D. Cal. Nov. 6, 2020) (construing a letter as a motion for reconsideration "in light of [plaintiff's] pro se status").

## II. Discussion

A.     **Appointment of Pro Bono Counsel**

Plaintiffs have attempted to find legal representation. Dkt. No. 48 at 2. Plaintiffs also state that they do not speak or understand legal English very well. *Id.* at 1.[3] Given this case's complexity and the particular circumstances, the Court believes that Plaintiffs would benefit tremendously from appointment of pro bono counsel (at no additional cost) and this would serve

---

[2] Plaintiffs suggest the timing of an earlier order mentioning Magistrate Judge Vaughan was "obviously . . . 'arranged.'" Dkt. No. 48 at 1. The Court assures the parties that the timing of that order was completely coincidental. And when the Court recently referred the pending discovery motion to a magistrate judge (Dkt. No. 44), it was sent to Judge Vaughan not because of "bias" or "a good relation with Defendant" (Dkt. No. 48 at 2) but because she is the magistrate judge who was randomly pre-assigned at the beginning of this case.

[3] The Court sympathizes with challenges *pro se* litigants may have in navigating the legal system, and this district tries to assist *pro se* parties by posting resources on its website regarding representing oneself in civil cases. *See* https://www.wawd.uscourts.gov/representing-yourself-pro-se.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

the interests of justice. Therefore, the Court will order the district's Pro Bono Coordinator to identify qualified and experienced counsel from the Pro Bono Panel who can represent Plaintiffs, if they consent. *See* General Order 16-20 (W.D. Wash. Dec. 8, 2020).[4] There is no guarantee that an attorney or law firm will volunteer to work on this case. If available, such counsel shall be identified no later than April 13, 2022, and Plaintiffs must decide by April 22, 2022, whether to allow the selected attorney or firm to represent them in all further proceedings in this district. The Court will also stay the case as it awaits Plaintiffs' decision.

The Court further notes that Plaintiff Zhang has signed the complaint and other filings (including the motion for reconsideration) on behalf of herself as well as her two minor children, I.G. and D.G. Under Ninth Circuit precedent, a non-attorney can represent herself or himself *pro se* but cannot represent other people. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("it is not in the interest of minors . . . that they be represented by non-attorneys"). Appointment of counsel would also resolve this issue.

**B.     Motions to Reconsider**

Before ruling on the three motions filed together as a "Motion for Reconsideration" (Dkt. No. 48), the Court observes that it cannot reconsider two of Plaintiffs' three requests, simply because there are no prior motions related to those requests for the Court to reconsider.

1. **Motion to Recuse Magistrate Judge Vaughan**

Plaintiffs seek recusal of Magistrate Judge Vaughan. The Local Civil Rules lay out the proper procedure for filing a motion to recuse. LCR 3(f). The Court is also bound to follow these

---

[4] Information about the Pro Bono Panel is available at https://www.wawd.uscourts.gov/attorneys/pro-bono-panel. Typically, *pro se* parties seek appointment of pro bono counsel through the program on their own, via a motion to appoint counsel. The Court can also refer cases to the program *sua sponte*, as it is doing here.

ORDER DENYING MOTION FOR RECONSIDERATION - 4

procedures. The parties may file an appropriate motion to recuse, should they choose to do so, after the stay is lifted.

### 2. Motion to Change Venue

Plaintiffs also seek transfer of this case to one of several California federal district courts. A Federal Tort Claims Act action can only be prosecuted in (a) "the judicial district where plaintiff resides," or (b) the judicial district where " the act . . . occurred." 28 U.S.C. § 1402(b). Plaintiffs may file an appropriate motion to transfer the case, if they so choose, after the stay is lifted.

### 3. Motion to Replead Constitutional Claims

Plaintiffs' request to re-plead already-stricken constitutional claims is denied as untimely. As Plaintiffs should be aware from their previous attempt to have the Court reconsider its decision on these claims (Dkt. No. 31), under the Local Civil Rules, motions for reconsideration must be filed "within fourteen days after the order to which it relates is filed." LCR 7(h). Plaintiffs file this motion *over one year* after the order initially striking their constitutional claims was filed. *See* Dkt. No. 28 (order granting partial motion to dismiss filed on January 29, 2021). Significantly, Plaintiffs have already filed a motion for reconsideration on this exact issue, which was denied as untimely. Dkt. No. 34 (liberally construing Plaintiffs' filing as a motion for reconsideration of the partial motion to dismiss and denying it for being six months late). This Court will not entertain further motions on issues it has already decided *and* reconsidered.

### III. CONCLUSION

The Court ORDERS the Pro Bono Coordinator to identify qualified and experienced counsel from the Pro Bono Panel who can represent Plaintiffs, if they consent. THIS MATTER IS STAYED until April 25, 2022, or until an attorney appears on behalf of Plaintiffs, whichever is earlier.

Further, for the reasons stated in this Order, the Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

Dated this 3rd day of March 2022.

                                                          Tana Lin
                                                          United States District Judge