UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUIFANG ZHANG, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Case No. C19-1211-TL-SKV<br><br>ORDER RE: PENDING MOTIONS |

This matter comes before the Court for case management purposes. Pursuant to the Court's March 3, 2022 Order Denying Motion for Reconsideration, Dkt. 50, the stay entered in this case lifted on April 25, 2022. Further considering that Order and other filings, the Court herein Orders as follows:

(1) On April 25, 2022, Plaintiffs filed a Motion to Change Venue, Dkt. 52, and noted it for consideration on May 6, 2022. Pursuant to Local Civil Rule (LCR) 7(d)(3), Plaintiffs' motion is properly noted no earlier than the fourth Friday after filing and service of the motion. Accordingly, Plaintiffs' Motion to Change Venue is RENOTED for consideration on **May 20, 2022**.

(2) Prior to entry of the stay, Defendant United States filed a Motion to Compel Discovery and Virtual Depositions from Plaintiffs. Dkt. 37. The Court finds it appropriate to

ORDER RE: PENDING MOTIONS - 1

consider Plaintiffs' Motion to Change Venue prior to ruling on Defendant's discovery motion. Accordingly, the Motion to Compel Discovery and Virtual Depositions from Plaintiffs is RENOTED for consideration on **May 27, 2022**.

(3)  Although Plaintiffs appear to base their Motion to Change Venue primarily on issues of convenience pursuant to 28 U.S.C. § 1404(a), they also request a change of venue due to an alleged "'amiable acquaintance'" between the United States Attorney's Office, the Magistrate Judge, and the Court. Dkt. 52 at 2. The motion also reiterates concerns previously raised as to the assignment of the undersigned Magistrate Judge. *See id*. at 2-3 and Dkt. 48. In addressing those concerns, the Court advised Plaintiff as to the Court's system for referring matters to pre-assigned Magistrate Judges and as to the proper procedures for filing a motion to recuse. Dkt. 50 at 2-5 ("The Local Civil Rules lay out the proper procedure for filing a motion to recuse. LCR 3(f). The Court is also bound to follow these procedures. The parties may file an appropriate motion to recuse, should they choose to do so, after the stay is lifted.")

Although not characterized as such, the Court finds it prudent to construe Plaintiff's motion seeking a change of venue as also seeking recusal pursuant to 28 U.S.C. §§ 144, 455. Having reviewed that motion, the Court finds no justification for voluntary recusal. *See* LCR 3(f). The Court further, and as required by LCR 3(f), directs the Clerk to refer the construed motion for recusal, Dkt. 52 at 4-5, to Chief Judge Ricardo S. Martinez.

(4)  The Clerk is directed to send copies of this order to the parties and to the Honorable Tana Lin.

Dated this 27th day of April, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: PENDING MOTIONS - 2