UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUIFANG ZHANG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. C19-1211-TL-SKV<br><br>ORDER ON REVIEW OF MOTION TO CHANGE MAGISTRATE JUDGE |

This matter is before the Court on Plaintiffs' Motion to Change Venue, which the Court interprets in part as a motion to disqualify the Honorable Judge Vaughan, Dkt. #52. On April 27, 2022, Judge Vaughan issued an Order declining to recuse herself and, in accordance with this Court's Local Rules, referred that decision to the Chief Judge for review. Dkt. #53; LCR 3(f).

A judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*,

ORDER ON REVIEW OF MOTION FOR RECUSAL - 1

783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiffs complain of an alleged "amiable acquaintance" between the United States Attorney's Office, the Magistrate Judge, and the Court. Dkt. #52 at 2. Plaintiffs object on the basis that Judge Vaughan previously "worked as [an] Assistant United States Attorney at Western District of Washington, and was Defendant's colleague" and is therefore "the player and the judge" in this action. *Id.* at 1. Plaintiffs do not allege any interactions with Judge Vaughan when she previously worked as an Assistant U.S. Attorney. Rather, Plaintiffs jump to the unfounded conclusion that Judge Vaughan will not preside over the action in a fair and impartial manner.

Nothing presented in Plaintiffs' Motion convinces the Court that the standards for recusal have been met. Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Vaughan's order declining to disqualify herself (Dkt. #53) is AFFIRMED. The Clerk SHALL provide copies of this order to Plaintiffs and to all counsel of record.

DATED this 25th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON REVIEW OF MOTION FOR RECUSAL - 2