1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUIFANG ZHANG, et al.,

                    Plaintiffs,

          v.

UNITED STATES OF AMERICA, et al.,

                    Defendants.

Case No. C19-1211-TL-SKV

ORDER RE: MOTION TO CHANGE VENUE

## INTRODUCTION

Plaintiffs Huifang Zhang, proceeding on behalf of herself and her two minor children I.G. and D.G., and Shunichi Takahashi, the father of I.G. and D.G., proceed pro se in this civil action. Plaintiffs raise negligence claims under the Federal Tort Claims Act (FTCA) against Defendants United States of America, U.S. Department of Homeland Security (DHS), U.S. Customs and Border Protection (CBP), and Kevin A. McAleenan, in his official capacity as Acting Secretary of DHS and Commissioner of CBP.  *See* Dkts. 21 & 28.  Now pending before the Court is Plaintiffs' Motion to Change Venue.  Dkt. 52.  Defendant United States opposes the motion. Dkt. 54.  The Court, having considered the briefing, documentation submitted in support and opposition to the motion, and the remainder of the record, herein DENIES Plaintiffs' Motion to Change Venue.

BACKGROUND

This action arises from a September 29, 2015 incident between Plaintiffs and CBP officers at the border checkpoint in Blaine, Washington.  *See* Dkt. 21.  Plaintiffs were traveling to the United States from Canada when Mr. Takahashi, who is a Japanese citizen and was attempting to enter the U.S. under the Visa Waiver Program ("VWP"), was subjected to a secondary inspection and Plaintiffs were detained by border patrol agents.  *Id*.  The CBP revoked Mr. Takahashi's VWP status and denied him admission into the United States.  *Id*. at 7.  I.G. and D.G. are both U.S. citizens and were, at the time of the incident, a year and seven months old and seven months old respectively.  *Id*. at 1-2.  Ms. Zhang was a U.S. permanent resident at the time of the incident and became a U.S. citizen the following year.  *Id*. at 4.

Plaintiffs filed their lawsuit in this Court on August 6, 2019.  Dkt. 1.  They asserted venue was proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1) because United States agencies or officers were sued in their official capacities and a substantial part of the events or omissions giving rise to their claims occurred in Seattle, within the Western District of Washington.  *Id*.; *accord* Dkt. 21.  They now seek to change venue to a district court in California, asserting, as discussed below, their greater ties to that State.

DISCUSSION

A.    Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section 1404(a) serves to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v.*

*Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

In considering a motion to transfer pursuant to § 1404(a), the Court must address:  (1) whether the action might have been brought in the proposed transferee district; and (2) whether the transfer would be for the convenience of parties and witnesses, in the interest of justice. *Authentify Pat. Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135, 1148 (W.D. Wash. 2014) (citation omitted).  The party requesting a transfer bears the burden of showing a transfer is appropriate.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Nw. Administrators, Inc. v. Mission Trail Waste Sys., Inc.*, No. C14-0709-JLR, 2014 WL 12774813, at *1 (W.D. Wash. July 16, 2014).

In considering whether the convenience of the parties and witnesses and the interest of justice favor transfer, the Court has discretion to adjudicate a motion according to an "'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Courts in the Ninth Circuit consider a variety of factors in making this determination.  *See, e.g., id.*; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  For example, relevant factors may include:

> (1) the convenience of the parties and the witnesses; (2) the location where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee forum; (6) the relative congestion of the two courts; (7) the public interest in the local adjudication of local controversies; and (8) the relative familiarity of the two courts with the applicable law.

*Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (citing *Decker*, 805 F.2d at 843).  District courts in the Ninth Circuit also routinely require a plaintiff seeking to

1    transfer a case away from the initial choice of venue to show a "change of circumstances since

2    the case was filed that warrants transfer[.]" *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022

3    WL 1126742, at *3 (W.D. Wash. Mar. 17, 2022) (quoting *Green Aire for Air Conditioning*

4    *W.L.L. v. Salem*, No. C18-0873, 2020 WL 4734909, at *3 (E.D. Cal. Aug. 14, 2020)), *appeal*

5    *filed*.[1]

6    B.    Plaintiffs' Motion to Change Venue

7          Plaintiffs seek a transfer to a court in California based on their closer ties to that State.

8    They assert that they resided in California at the time of the incident giving rise to their claims,

9    were "just passing through" Washington, and "still reside and file tax[es] in California now."

10   Dkt. 52 at 1 (emphasis removed).  They point to the fact a company owned by Ms. Zhang,

11   California Lighting, LLC, is both registered and operated in California.  *See id*.  Plaintiffs also

12   point to the difficulties imposed by the need for their frequent travel to Japan so that their

13   children can visit with Mr. Takahashi.  *Id*.  The Court considers below whether Plaintiffs' motion

14   to change venue meets the requirements of 28 U.S.C. § 1404(a).

15         1.    Where the Action Might Have Been Brought:

16         Plaintiffs must first establish that they might have brought this action in California.  It is

17   undisputed that Plaintiffs' federal tort claims "may be prosecuted only in the judicial district

18   where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. §

19   1402(b).  Defendant appears to challenge whether Plaintiffs satisfy this requirement.  It notes

20   that Mr. Takahashi is only permitted to enter the United States with a B-1/B-2 visa and asserts

21   Plaintiffs' failure to submit evidence showing Ms. Zhang currently resides in California.

22   Plaintiffs, in reply, support their contention that Ms. Zhang, I.G., and D.G. are residents of

23

---

[1] The Ninth Circuit has not adopted a standard requiring a showing of changed circumstances or yet explicitly addressed this issue. *Sifuentes*, 2022 WL 1126742, at *3, n.3 (citation omitted).

1   California with Ms. Zhang's 2021 California Resident Income Tax Return and a utility bill,

2   motor vehicle registration, and property lease all dated in 2021 and/or 2022.  Dkt. 56, Exs. A-D.

3          For a transfer of venue under § 1404(a), the question is whether the action "'might have

4   been brought' in the proposed transferee forum *at the time the action was filed*."  *Troy*

5   *Healthcare, LLC v. Nutraceutical Corp.*, No. C11-0844-RSM, 2011 WL 13127842, at *4 (W.D.

6   Wash. Nov. 9, 2011) (emphasis added; citations omitted).  "That is, the transferee court would

7   have had subject matter jurisdiction at the time the action was filed; defendants would have been

8   subject to personal jurisdiction; and venue would have been proper."  *E. & J. Gallo Winery v. F.*

9   *& P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citations omitted).  The Court must,

10  therefore, consider whether Plaintiffs could have brought this action in a California federal

11  district court at the time of the August 2019 filing.

12         Of the documentation submitted, only the lease provides support for Ms. Zhang's

13  residence in California in August 2019.  Dkt. 56, Ex. D.  The document reflects earlier

14  amendments to the lease dated between 2014 and 2020 and is signed by Ms. Zhang on behalf of

15  California Lighting, LLC.  *Id*.  Plaintiffs also assert that both I.G. and D.G. were born in

16  California and describe Mr. Takahashi's business activities in California prior to their birth.  *Id*.

17  at 2.

18         It is not entirely clear whether Defendant disputes that Ms. Zhang was a resident of

19  California at the time this case was filed.  Defendant specifically challenges the absence of

20  evidence in relation to Ms. Zhang's *current* residence.  *See* Dkt. 54 at 2.  The Court, in any

21  event, does not find resolution of this issue necessary to reach a conclusion on the question of

22  whether this matter is appropriately transferred to a court in California.  Instead, even assuming

23  Ms. Zhang resided in California at the time this case was filed and continues to reside in

California to this date, the Court finds a transfer not supported with consideration of the convenience of the parties and witnesses and the interest of justice.

   2. <u>Convenience and the Interest of Justice</u>:

   A ruling on a motion to change venue necessitates consideration of factors relevant to the convenience of the parties and witnesses and the interest of justice.  In this case, some typical factors the Court could consider are not relevant (i.e., the pendency of related litigation in the transferee forum), while others are not addressed by the parties (i.e., public interest in the local adjudication of local controversies and relative ease of access to sources of proof).  The Court, as such, declines to independently analyze those factors and deems them neutral.  The Court considers below only factors found relevant to Plaintiffs' motion and amenable to consideration with the briefing and record before the Court.

   a. <u>Convenience of the parties and the witnesses</u>:

   Mr. Takahashi's residence in Japan and Ms. Zhang's residence in California, with the couple's two young children, compels the need for Plaintiffs' regular travel between Japan and California.  Because litigation of this matter in California would be more convenient to Plaintiffs, this factor weighs in favor of granting the requested transfer.  Defendant, on the other hand, denies a transfer would be convenient for the parties or witnesses.  As Defendant observes, the parties have completed two rounds of dispositive motions, *see* Dkts. 17 & 28, exchanged discovery, and continue to actively litigate, including Defendants' pending Motion to Compel Discovery and Virtual Depositions from Plaintiffs, Dkt. 37.  Indeed, this case has now been pending in this Court for over two years and nine months.  Considered as such, it cannot be said that a transfer to a different court in a different state would be convenient for Defendants.

1    "As to the relative convenience to the parties, the Court may not transfer a case simply to

2    shift the burden from one party to another." *Amazon.com*, 404 F. Supp. 2d at 1260 (citing

3    *Decker Coal*, 805 F.2d at 843).  Given the above, the Court finds considerations of convenience

4    as related to the parties to be neutral.

5    The Court must, however, also consider the factor of convenience as it relates to

6    witnesses.  Courts in the Ninth Circuit have held that convenience of witnesses is among the

7    most important factors in a motion to transfer.  *Tokarski v. Med-Data, Inc.*, No. C21-0631-TL,

8    2022 WL 815882, at *6 (W.D. Wash. Mar. 17, 2022) (citing *Saleh v. Titan Corp.*, 361 F. Supp.

9    2d 1152, 1160 (S.D. Cal. 2005)).  Further, "[w]hen considering the convenience to witnesses,

10   'the convenience of *non-party* witnesses is the more important factor.'"  *Amazon.com*, 404 F.

11   Supp. 2d at 1260 (quoting *Saleh*, 361 F. Supp. 2d at 1162) (emphasis added).

12   Neither party addressed the issue of convenience to non-party witnesses.  However,

13   because the incident giving rise to this lawsuit occurred in Washington, it is apparent there will

14   be non-party witnesses either residing in or with close connections to this State.  *See, e.g.*, Dkt.

15   21 at 2-9 (raising claims associated with Mr. Takahashi's interactions with Paul Carter, a CBP

16   officer in Blaine, Washington, and the alleged lengthy detention of Ms. Zhang, I.G., and D.G. in

17   Blaine and during which they were not provided a chair on which to sit, baby formula or food, or

18   water).  The Court, for this reason, finds the location of non-party witnesses to weigh against

19   Plaintiffs' request for a transfer.

20       b.   Location of events:

21   Because the events at issue in this matter occurred in Washington State, the location of

22   events weighs against a transfer to California.

23       / / /

ORDER RE: MOTION TO CHANGE VENUE - 7

1        c.      <u>Plaintiffs' choice of forum</u>:

2        Plaintiffs chose to file this case in the Western District of Washington.  They now assert

3 they chose to file in Washington because they are pro se, lacked familiarity with the law, and did

4 not know they could have filed elsewhere.  Dkt. 52 at 1.

5        A plaintiff's choice of forum is generally entitled to substantial deference.  *See Decker*

6 *Coal Co.*, 805 F.2d at 843.  However, "'such deference is not warranted for a plaintiff's second

7 choice of venue.'"  *Sifuentes*, 2022 WL 1126742, at \*4 (quoting *Qurio Holdings, Inc. v. DISH*

8 *Network Corp.*, No. C15-0930, 2015 WL 4148962, at \*4 (N.D. Cal. July 9, 2015); citing

9 *Bobosky v. Adidas AG*, No. C10-0630, 2010 WL 4853295, at \*6 (D. Or. Oct. 8, 2010), *report*

10 *and recommendation adopted*, 2010 WL 4828392 (D. Or. Nov. 18, 2010), and *Tiffany v.*

11 *Hometown Buffet, Inc.*, No. C06-2524, 2006 WL 2792868, at \*2 (N.D. Cal. Sept. 28, 2006)

12 (declining to give any "presumption of deference for the [p]laintiffs' second choice of forum")).

13 Here, because Plaintiffs no longer prefer their first-choice forum and their new choice of forum

14 is not entitled to substantial deference, the Court finds this factor neutral.  *See id*.

15        d.      <u>Relative familiarity of the two courts with the applicable law</u>:

16        The only remaining claims in this matter include allegations of negligence under the

17 FTCA.  *See* Dkts. 21 & 28.  In considering those claims, a court will apply Washington State

18 law.  *See* Dkt. 17 at 19.  This factor thus weighs in favor of adjudication in the Western District

19 of Washington and against a transfer to a district court in California.

20        e.      <u>Changed circumstances</u>:

21        A court may also consider whether a plaintiff seeking a change in venue shows changed

22 circumstances.  "This is because, if courts did not require a plaintiff to show changed

23 circumstances, 'a motion to transfer venue could become an unchecked tool for the plaintiff to

1   shop among forums and between judges.'" *Sifuentes*, 2022 WL 1126742, at *3 (quoting *Green*

2   *Aire for Air Conditioning W.L.L.*, 2020 WL 4734909, at *3) (quoting *Bobosky*, 2010 WL

3   4853295, at *6)).

4          Plaintiffs do not identify any changed circumstances warranting a transfer of this case.

5   Plaintiffs explain they were not aware they could have filed this case elsewhere and contend a

6   change in venue could "cut the 'amiable acquaintance' between Defendant and the local court"

7   and "increase the transparency and fairness of justice." Dkt. 52 at 2.  They also contend that

8   Defendants both arranged the assignment of this case to an "amiable acquaintance" and are

9   harassing Plaintiffs in seeking the production of their medical records, "even including

10  HIV/AIDS and Sexually Transmitted Disease." *Id*. *See also* Dkt. 56.

11         The fact that Plaintiffs belatedly discovered they could have filed this action in California

12  does not constitute changed circumstances warranting a transfer.  Nor does Plaintiff demonstrate

13  changed circumstances supporting a transfer through either discovery-related issues or the

14  alleged "amiable acquaintance" between the United States Attorney's Office, the undersigned

15  Magistrate Judge, and the Court.  The Court previously addressed Plaintiffs' concerns about the

16  referral of this case by explaining the random assignment of Magistrate Judges to civil cases and

17  in finding no basis for voluntary recusal.  *See* Dkts. 50 & 53.  More recently, Chief United States

18  District Judge Ricardo S. Martinez found the standards for recusal had not been met and affirmed

19  the order declining recusal.  Dkt. 57.  For the same reasons, Plaintiffs' concerns do not warrant a

20  transfer.  Also, while the Court has yet to address the parties' ongoing discovery disputes, it finds

21  no basis for concluding a transfer would alter either the discovery sought by Defendants or any

22  court resolution of the disputes.  Plaintiffs' failure to set forth any change in circumstances

23  argues against a change of venue.

1
        f.    <u>Interest of justice</u>:

2
      The question of whether a transfer would promote the interest of justice is the

3
"overarching consideration" under § 1404(a).  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W.*

4
*Dist. of Texas*, 571 U.S. 49, 63 (2013).  *See also Amazon.com*, 404 F. Supp. 2d at 1261 (deeming

5
this "the most important of all" factors in deciding a motion to transfer).  Included in the Court's

6
consideration of the interest of justice is the promotion of judicial economy.  *Amazon.com*, 404

7
F. Supp. 2d at 1261.  The Court "weighs such factors as 'ensuring speedy trials, trying related

8
litigation together, and having a judge who is familiar with the applicable law try the case.'"  *Id.*

9
(quoting *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (9th Cir. 1989)).

10
      Here, there is no related litigation and this case has been pending in this Court for a

11
considerable period of time, during which the Court has expended significant judicial resources

12
addressing dispositive and other motions.  Considering the Court's familiarity with both this case

13
and the law governing Plaintiffs' claims, the significant judicial resources expended over the

14
course of almost three years of litigation, and the absence of a showing of changed

15
circumstances, continued litigation in this forum will serve the interest of justice.  The Court, for

16
this reason and for the reasons stated above, finds the relevant factors to weigh against Plaintiffs'

17
request for a transfer to a court in California.

18
CONCLUSION

19
      The Court, in sum, finds a transfer of this case would not serve either the convenience of

20
the parties and witnesses or the interest of justice.  Accordingly, Plaintiffs' Motion to Change

21
Venue, Dkt. 52, is DENIED.  The Clerk is directed to send copies of this order to the parties and

22
///

23

to the Honorable Tana Lin.

Dated this 31st day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge