UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUIFANG ZHANG, et al.,

                    Plaintiffs,

     v.

UNITED STATES OF AMERICA, et al.,

                    Defendants.

Case No. C19-1211-TL-SKV

ORDER RE: MOTION TO COMPEL
DISCOVERY AND VIRTUAL
DEPOSITIONS FROM PLAINTIFFS

## INTRODUCTION

Defendant the United States of America filed a Motion to Compel Discovery and Virtual Depositions From Plaintiffs. Dkt. 37. Plaintiffs Huifang Zhang, proceeding on behalf of herself and her two minor children I.G. and D.G., and Shunichi Takahashi, the father of I.G. and D.G., oppose the motion. Dkt. 41. Plaintiffs also, in their opposition, request that the Court compel additional discovery from Defendant. *Id*. The Court, having considered the briefing, documentation submitted in support and opposition, and the remainder of the record, herein finds and concludes as set forth below.[1]

---

[1] Plaintiffs also filed a response to Defendant's reply. Dkt. 43. This filing was not requested by the Court and does not constitute a surreply allowed under Local Civil Rule (LCR) 7(g) (allowing a surreply strictly limited to requests to strike material in an opposing party's reply and only after the filing of an intent to file a surreply). The filing, instead, contains additional argument in opposition to Defendant's motion. Accordingly, this filing and the extraneous argument contained within will not be

BACKGROUND

Plaintiffs brought this lawsuit in August 2019 and named as Defendants the United States of America, U.S. Department of Homeland Security (DHS), U.S. Customs and Border Protection (CBP), and Kevin A. McAleenan, in his official capacity as Acting Secretary of DHS and Commissioner of CBP.  Dkt. 1.  Plaintiffs' claims relate to a September 29, 2015 incident in which they were attempting to cross the border from Canada into the U.S. in Blaine, Washington.  *See* Dkt. 21.  At the time, both I.G. and D.G. were U.S. citizens, while Mr. Zhang, who later because a U.S. citizen, was a U.S. permanent resident.  *Id*. at 1-2, 4.  Mr. Takahashi is a Japanese citizen and was attempting to enter the U.S. under the Visa Waiver Program ("VWP").  *Id*.  As Plaintiffs attempted to cross the border, Mr. Takahashi was subjected to a secondary inspection and Plaintiffs were temporarily detained by border patrol agents.  *Id*.  The CBP revoked Mr. Takahashi's VWP status and denied him admission into the U.S.  *Id*. at 7.

In May 2020, the Court granted in part and denied in part a partial motion to dismiss filed by Defendants.  Dkt. 17.  Specifically, the Court denied the motion as to Mr. Takahashi's claims for common law negligence under the Federal Tort Claims Act (FTCA); dismissed with prejudice and without leave to amend Plaintiffs' Administrative Procedure Act (APA) claims as to Mr. Takahashi, Fourteenth Amendment claims, and racial discrimination claims under the Civil Rights Act of 1964; and dismissed without prejudice and with leave to amend Plaintiffs' APA claims as to Ms. Zhang, D.G., and I.G., Fifth Amendment claims, racial discrimination claims under the Constitution and the Immigration and Nationality Act (INA), and the claim of negligent supervision under the FTCA.  *Id*.  Plaintiffs thereafter filed an Amended Complaint. Dkt. 21.  The Court subsequently, in January 2021, granted Defendants' second motion for

considered by the Court.  LCR 7(g)(2) ("Extraneous argument or a surreply filed for any other reason will not be considered.")

1   partial dismissal and dismissed all but the claims raised under the FTCA.  Dkt. 28.  *See also* Dkt.

2   34 (denying motion for relief construed as seeking reconsideration of the January 2021 Order).

3        Plaintiffs' only remaining claims, all brought pursuant to the FTCA, include negligence,

4   negligent supervision, and negligent infliction of emotional distress.  Specifically, Plaintiffs

5   allege, *inter alia*, that CBP Officer Paul Carter erroneously and negligently transcribed Mr.

6   Takahashi's sworn statement from his secondary screening interview – by listing Mr. Takahashi

7   as an investor in a U.S. company, California Lighting LLC, who performs direct sales and

8   installation of lighting equipment – which led to the denial of his entry into the U.S. and his

9   revocation from participation in the VWP.  Dkt. 21 at 3-9.  Plaintiffs also allege Ms. Zhang and

10  her two young children were denied food and water while they waited seven hours for Mr.

11  Takahashi's secondary screening to finish and that they, like Mr. Takahashi, were denied entry

12  into the U.S.  *Id.*   Plaintiffs maintain they suffered emotional and economic damages as a result

13  of Defendants' actions.  *Id.*[2]

14       In a Joint Status Report and Discovery Plain (JSR) filed in September 2021, Plaintiffs

15  requested that discovery in this case be limited to written discovery with no oral depositions.

16  Dkt. 35.  Defendants did not consent to waive their right to depositions and noted their intention

17  to take virtual depositions, with, as needed, the assistance of a language translator paid for by the

18  government.  *Id.*  Defendants also noted that they anticipated the need to file a related motion to

19  compel.  *Id.*

20       The parties proceeded to exchange discovery requests and to confer in attempting to

21  resolve disputes associated with those requests.  *See* Dkt. 37 at 4-7 & Dkt. 38.  The motion now

22

23

---

[2] Defendant denies Plaintiffs' allegations, including, but not limited to, the contention Ms. Zhang and her two minor children were denied entry into the U.S.  *See* Dkt. 37 at 1, n.1.

ORDER RE: MOTION TO COMPEL DISCOVERY
AND VIRTUAL DEPOSITIONS FROM
PLAINTIFFS - 3

1   before the Court addresses the remaining disputes as to discovery requests and Plaintiffs'

2   depositions.

3   <center>DISCUSSION</center>

4   A.      Defendant's Motion to Compel Discovery

5          1.      Relevant standards:

6          Federal Rule of Civil Procedure 26 governs the production of discovery.  Pursuant to that

7   rule:

8          Parties may obtain discovery regarding any nonprivileged matter that is relevant
           to any party's claim or defense and proportional to the needs of the case,
9          considering the importance of the issues at stake in the action, the amount in
           controversy, the parties' relative access to relevant information, the parties'
10         resources, the importance of the discovery in resolving the issues, and whether the
           burden or expense of the proposed discovery outweighs its likely benefit.

11

12  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in order to be discoverable.  *Id.*

13  "Relevant information for purposes of discovery is information 'reasonably calculated to lead to

14  the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625,

15  635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th

16  Cir. 1992)).  "'The court should and ordinarily does interpret "relevant" very broadly to mean

17  matter that is relevant to anything that is or may become an issue in the litigation.'"

18  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, Federal

19  Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).  "District courts have broad discretion in

20  determining relevancy for discovery purposes." *Surfvivor Media, Inc.*, 406 F.3d at 635.

21         Under Rule 37, "[a] party seeking discovery may move for an order compelling an

22  answer, designation, production, or inspection." Fed. R. Civ. P. 37 (a)(3)(B).  The court may

23  order a party resisting discovery to provide further responses to an "evasive or incomplete

1    disclosure, answer, or response[.]" Fed. R. Civ. P. 37(a)(4).  The party seeking to compel

2    discovery must establish that the discovery sought is relevant.  *See* Fed. R. Civ. P. 26(b)(1).  A

3    party resisting discovery bears the burden of showing the discovery should not be allowed and of

4    "'clarifying, explaining, and supporting its objections' with competent evidence[.]"  *Doe v.*

5    *Trump*, 329 F.R.D. 262, 270-71 (W.D. Wash. 2018) (quoting *Blemaster v. Sabo*, No. C16-4557,

6    2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017)).[3]

7        2.    Defendant's requests for production and interrogatories:

8            Defendant seeks to compel Plaintiffs to provide tax and business-related discovery and

9    discovery supporting Plaintiffs' allegations of emotional distress.  The Court below addresses the

10   specific requests for production ("RFP") and interrogatories ("ROG") in dispute.

11        a.    Tax and business-related discovery:

12           Defendant seeks the production of Ms. Zhang's tax returns and filings for the years 2013-

13   2016 (RFP No. 2); a complete set of business tax returns for California Lighting LLC for the

14   years 2014-2016 (RFP No. 3); and the LLC agreement for California Lighting LLC (RFP No. 5).

15   Dkt. 38, Ex. D.  Defendant also seeks additional explanation as to the business relationship

16   between California Lighting LLC, the U.S. company at issue in the decision to revoke Mr.

17   Takahashi's VWP status, and Noble Spark, a Japanese business owned by Mr. Takahashi (ROG

18   No. 5); identification of the law firm in California that represented California Lighting LLC with

19   business registration (ROG No. 6); and the IRS federal EIN (Tax ID) Number for California

20   Lighting LLC (ROG No. 6).  *Id*.

21

22       [3] A motion to compel must also include "a certification that the movant has in good faith
     conferred or attempted to confer with the person or party failing to make disclosure or discovery in an
     effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  The Court's local rules require parties

23   to provide details as to good faith efforts to meet and confer and set forth implications for the failure to
     comply with these rules.  LCR 37(a)(1).  Defendant here includes a certification of the good faith efforts
     to meet and confer and sufficient details regarding those efforts.  *See* Dkts. 37-38.

1    In asserting relevance, Defendant explains that it does not believe Officer Carter was

2    negligent in transcribing Mr. Takahashi's sworn statement.  Defendant believes Mr. Takahashi

3    sought to change answers he provided about his business relationship with California Lighting

4    LLC after he understood his answers would lead to the revocation of his participation in the

5    VWP.  Dkt. 38, Ex. H (memorandum by Officer Carter in response to a complaint Mr. Takahashi

6    filed with the CBP).  Defendant asserts that, upon information and belief, Plaintiffs created

7    California Lighting LLC in order to sell Noble Spark's product in the United States.  Defendant

8    argues that the nature of Mr. Takahashi's involvement with California Lighting LLC and the

9    nature of the relationship between that company and Noble Spark is directly relevant to its ability

10   to defend itself against Plaintiffs' allegations of negligence.  *See, e.g., id.* (asserting Mr.

11   Takahashi stated he owns the Japanese company Noble Spark, was both a founding investor and

12   director of California Lighting LLC and involved in direct sales, installation, and delivery work

13   for that company, and that the description of "his direct sales of lighting products from the

14   California warehouse, including installations, delivery, and some jobs requiring his

15   supervision[,]" did "not conform to requirements of the VWP as a visitor for business").

16   Defendant explains its request for Ms. Zhang's personal tax records as based on her claim that

17   she is the sole member and owner of California Lighting LLC.  *See id.*, Ex. F at 1.

18       Plaintiffs deny the relevance of the discovery sought by Defendant.  They maintain this

19   litigation relates only to California Lighting LLC and has nothing to do with Noble Spark.  They

20   deny the law firm or a federal tax number associated with California Lighting LLC is relevant,

21   while also suggesting Defendant can "just ask" for any necessary documents.  Dkt. 40 at 7-8.

22   Plaintiffs, at the same time, reject the need to produce any of the documents sought in the motion

23   to compel.  Plaintiffs deem Ms. Zhang's personal tax records irrelevant and contend they have

1    done Defendant a favor by providing only relevant pages of California Lighting LLC's tax

2    records.  *Id*. at 8.  Plaintiffs further contend that, because California law forbids foreigners from

3    creating a company, there is no need to provide the California Lighting LLC agreement.  *Id*.

4            Plaintiffs' arguments reflect a misunderstanding as to the purpose of discovery.

5    Discovery provides a process for all parties to a case to obtain information "relevant to any

6    party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  Plaintiffs, in disputing relevance, focus on

7    their interpretation of their claims and the evidence and summarily reject any contrary position.

8    However, Defendant is entitled to obtain, through the discovery process, information that will

9    allow it to assess Plaintiffs' claims and to defend against this lawsuit.  The mere fact that

10   Plaintiffs take a different view of this case and the evidence does not preclude Defendant from

11   obtaining relevant discovery.

12           Defendant here demonstrates the information at issue is reasonably calculated to lead to

13   the discovery of admissible evidence and is therefore relevant and discoverable.  With respect to

14   the tax returns at issue, the Court finds the records relevant and a compelling need for the records

15   established.  *See, e.g., Int'l News, Inc. v. 10 Deep Clothing, Inc.*, No. C18-0302-JCC, 2020 WL

16   1890611, at *2-3 (W.D. Wash. Apr. 16, 2020) (courts in this district allow the production of a

17   party's tax returns "if they are relevant and when there is a compelling need for them because the

18   information sought is not otherwise available.")  Accordingly, Plaintiffs must provide the

19   additional tax and business-related discovery sought in Defendant's motion to compel.

20           b.    Medical documents:

21           Defendant seeks the production of all documents supporting Plaintiffs' allegations that, as

22   a result of the incident on September 29, 2015, all four Plaintiffs suffered from anxiety disorders

23   and/or PTSD and that I.G. and D.G. also suffered from behavior regression.  Dkt. 38, Ex. D at 8-

1   9 (RFP Nos. 8-11).  Defendant asks that Plaintiffs execute medical releases so that Defendant

2   may collect their medical records.  *Id*. at 13-17.

3   Defendant argues the documents they seek are relevant given Plaintiffs' claims of

4   emotional distress.  It depicts the medical release attached to the discovery requests as a standard

5   form utilized in cases in which parties put their medical or mental health at issue.  *See id*.

6   Defendant notes that, in responding to the discovery requests, Plaintiffs agreed to authorize only

7   the release of records associated with four medical visits, dated in October and November 2015

8   and comprising one select medical encounter for each Plaintiff.  *See id.*, Ex. F at 2-3.

9   Plaintiffs state that the documents they agreed to produce are sufficient to prove their

10  claims.  They object to authorizing the release of their complete medical records – for the period

11  of January 2014 to present and including information relating to "HIV and sexually transmitted

12  disease testing," *id*. at 3 – deeming this request not proportional to the needs of the case, unduly

13  burdensome, and amounting to harassment.

14  Plaintiffs' FTCA claims include allegations of the negligent infliction of emotional

15  distress.  In assessing liability under the FTCA, the Court applies the law of the state in which an

16  alleged tort occurred.  *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (citation

17  omitted).  Under Washington law, in addition to establishing the elements of a negligent

18  infliction of emotional distress claim, a plaintiff must demonstrate "objective symptoms of

19  emotional injury."  *Reed v. City of Tacoma*, No. C13-5538-BHS, 2014 WL 4966710, at *10

20  (W.D. Wash. Oct. 2, 2014) (citing *Hegel v. McMahon*, 136 Wn.2d 122, 132, 960 P.2d 424

21  (1998)).  To satisfy this objective symptom requirement, "a plaintiff must provide medical

22  evidence of a diagnosable emotional disorder."  *Id*. (citing *Hegel*, 136 Wn.2d at 135).  *See also*

23  *Robertson v. Cath. Cmty. Servs. of W. Washington*, No. C19-1618-RSM, 2020 WL 1819842, at

ORDER RE: MOTION TO COMPEL DISCOVERY
AND VIRTUAL DEPOSITIONS FROM
PLAINTIFFS - 8

1   *3-7 (W.D. Wash. Apr. 10, 2020) (where a plaintiff's claims extend beyond "'garden-variety'"

2   claims of emotional distress, such as claims for damages relating to an anxiety disorder or other

3   specific psychiatric injury or disorder, those claims act as a waiver of the psychotherapist-patient

4   privilege and allow for the discovery of mental health or other medical records).

5          Plaintiffs brought this lawsuit and, in doing so, put their claims of emotional distress at

6   issue.  Defendant has the right to discover the facts and evidence underlying Plaintiffs' claims so

7   that it may mount a defense.  The relevance of the information, not Plaintiffs' perception as to

8   sufficiency of proof, dictate whether or not documents are discoverable.  In this case, because the

9   information Defendant seeks is directly relevant to Plaintiffs' claims that they suffered emotional

10  distress, Plaintiffs must produce the responsive documents.

11         The Court further finds the circumstances in this case to warrant compelling Plaintiffs to

12  sign authorizations for the release of their medical records.  This Court routinely allows for the

13  use of medical records releases in discovery.  *See, e.g., Melendez v. Gulf Vessel Mgmt., Inc.*, No.

14  C09-1100-MJP, 2010 WL 2650572, at *2 (W.D. Wash. July 1, 2010) (plaintiff failed to

15  demonstrate "why the Western District of Washington should change its practice of authorizing

16  medical records releases.") (citation omitted).  *See also Nuskey v. Lambright*, 251 F.R.D. 3, 8 (D.

17  D.C. 2008) ("Courts regularly order plaintiffs to sign authorizations for the release of medical

18  information from health care providers where . . . those records are relevant to the plaintiff's

19  claims; this procedure has been viewed as the most expeditious and efficient way for the

20  opposing party to obtain pertinent medical records.") (citations omitted).  In this case, the use of

21  medical releases will facilitate the production of relevant discovery and minimize further

22  disruption of the discovery process.

23

In considering the proper scope of records subject to a release, the Court finds the time period identified in the medical release to be reasonably calculated to lead to the discovery of admissible evidence.  That is, consideration of records dated from January 1, 2014 to the present would allow for a thorough understanding of both the cause and the extent of Plaintiffs' claims of emotional distress arising from the September 29, 2015 incident.  *See, e.g., Melendez*, 2010 WL 2650572, at *1 ("Both the identities of all medical providers who treated Melendez in the last ten years and the medical records from those providers are relevant. Melendez's claims put his physical condition, mental health, and earning capacity at issue. Pre-existing medical conditions can impact those claims.")

The Court is, however, sympathetic to Plaintiffs' concerns as the types of records and the content of medical records properly discoverable.  The Court thus herein clarifies that Defendant is entitled to the discovery of only the medical records pertinent to Plaintiffs' claims of emotional distress.  The Court further finds entry of a protective order warranted in order to protect Plaintiffs' privacy interests in this case.  Accordingly, the parties shall promptly meet and confer with the intention of presenting a stipulated protective order for the Court's consideration. The parties are, pursuant to the Court's Local Civil Rules (LCR), "encouraged to use this district's model protective order, available on the court's website."  LCR 26(c)(2).

B.    Defendant's Motion to Compel Virtual Depositions

Federal Rule of Civil Procedure 30 governs depositions.  A party may, pursuant to that rule and subject to certain limitations, "by oral questions, depose any person, including a party, without leave of court . . . ."  Fed. R. Civ. P. 30(a)(1).  Federal Rule of Civil Procedure 37 allows for sanctions if a party fails, after being served with proper notice, to appear for that person's deposition.  Fed. R. Civ. P. 37(d)(1)(A)(i).  The Court has broad discretion to control

discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  The Court may, thus, order "a party who refuses to cooperate with a deposition to appear for the deposition."  *Leonard v. Kaur*, No. C19-2271, 2021 WL 242739, at *2 (E.D. Cal. Jan. 25, 2021).

In this case, Defendant did not serve notices to appear because Plaintiffs have made it clear they do not believe they should be subject to depositions.  *See, e.g.*, Dkt. 35 at 2-3 (explaining opposition to oral discovery in September 2021 JSR); Dkt. 38, Ex. G at 2 (January 4, 2022 email from Plaintiffs to counsel for Defendant reiterating opposition to participation in virtual depositions).  As with the discovery requests discussed above, Plaintiffs appear to lack an understanding as to the purpose of depositions and Plaintiffs' obligations under the rules of civil procedure.  *See, e.g.*, Dkt. 40 at 9-10 ("This litigation is simple and all about evidence.  There is no controversy with the negligence law.  If Plaintiffs want to claim the negligence, Plaintiffs just show the evidence.  If Defendant wants to defend, Defendant just shows the evidence too.  There is no such oral argument there.  It is all about if the evidence exist [sic] or not.")  Defendant is entitled to obtain information relevant to the claims and defenses in this case and may obtain that information through depositions.  Plaintiffs, while proceeding pro se, remain bound to comply with the Court's rules.  *Ghazalia v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

It is, moreover, apparent that depositions of Plaintiffs would allow for the discovery of relevant information, including information not accessible through other means.  Plaintiffs' depositions are, for example, necessary to obtain their firsthand knowledge as to Mr. Takahashi's interactions with Officer Carter and other CBP employees and as to the treatment of Ms. Zhang and her children while they waited for the completion of Mr. Takahashi's secondary screening.  As described by Defendant, oral depositions will also provide the opportunity to question Plaintiffs about relevant documents, ask follow-up questions in real time, assess credibility, and

to later rely on deposition transcripts in relation to any dispositive motions or for impeachment purposes at trial.  Defendant also notes that Plaintiffs have yet to return executed sworn verifications as to their interrogatory responses.

The Court is further persuaded that the benefit of compelling Plaintiffs' participation in depositions outweighs any burden or expense.  This is particularly true given Defendant's offer to arrange and pay for a language translator, to conduct the depositions virtually, and to schedule the depositions at a time convenient for Plaintiffs, with consideration of any time differences owing to the parties' different locations.  The Court, for this reason and for the reasons stated above, has no difficulty in concluding Plaintiffs should be compelled to appear for depositions.

C.    Plaintiffs' Request to Compel Discovery from Defendant

Plaintiffs, in their opposition brief, request that the Court compel discovery from Defendant.  *See* Dkt. 41 at 4-6.  The Court, at least in part, lacks sufficient information to rule on Plaintiffs' request.  That is, to the extent Plaintiffs included new discovery requests with their opposition brief, *see* Dkt. 40-9, Defendant was not in a position to respond at the time its motion was briefed and Plaintiffs' request to compel was premature.  The Court, as such, only addresses Plaintiffs' earlier discovery requests, about which the parties unsuccessfully conferred and which remain in dispute.

As related to Plaintiffs' first set of discovery requests, Defendant identifies the information produced and attests that it withheld only the following:  (1) Officer Carter's 2012 reprimand for untimeliness; and (2) former Blaine Assistant Area Port Director Cynthia Ralko's personal Notifications of Personnel Action (Standard Form 50, U.S. Office of Personnel Management) regarding her transfer and relocation from one CBP position in Blaine, Washington to another CBP position in El Paso, Texas.  Dkt. 37 at 6-7; Dkt. 38, ¶4 & Ex. B at 4.

1    In responding to the discovery request related to the withheld documents, Defendant explained

2    that Officer Carter received a reprimand in 2012, for being forty-five minutes late to work, but

3    objected to the production of this record as not relevant or likely to lead to relevant information.

4    Dkt. 38, Ex. B at 4.  With respect to Ms. Ralko, Defendant explains she had no personal

5    involvement in the September 29, 2015 incident because she was not assigned to Blaine until two

6    months later, on November 29, 2015.  *Id.*, ¶5 & Ex. B at 4.  Defendant notes that Ms. Ralko's

7    only involvement in this case was her May 20, 2016 letter to Mr. Takahashi, responding to a

8    letter of complaint he sent to CBP.  *Id*., ¶5 & Dkt. 21-9 at 1-2.  Defendant also, in response to

9    Plaintiffs' suggestion that Ms. Ralko's transfer was a demotion and related to the incident at

10   issue in this case, provides a letter from Ms. Ralko, dated May 3, 2016 and directed to the Port

11   Director in Blaine, in which she stated she had applied for a lateral transfer to a position in El

12   Paso, Texas.  Dkt. 42, Ex. A; *accord* Dkt. 38, ¶6.

13        Defendant's responses to Plaintiffs' discovery requests shows Defendant met its

14   obligations under Rule 26.  *See* Dkt. 38, Ex. B.  Defendant also provides reasonable

15   explanations, supported by competent evidence, for objecting to the production of the two above-

16   described records.  The Court, as such, finds no basis for granting Plaintiffs' request to compel

17   the production of additional discovery from Defendant.[4]

18

19   _____

     [4] In their opposition to the motion to compel, Plaintiffs also ask that the Court enter summary

20   judgment in their favor, "Vacate & Dismiss Charges of Inadmissibility From CBP for Plaintiff Takahashi
     to USA", and "Expunge (erase) all the unfair, inaccurate record or investigatory information regarding

21   Plaintiff Takahashi."  Dkt. 40 at 2-4, 10.  The latter requests for injunctive relief have already been denied
     by this Court.  *See, e.g.*, Dkt. 17 at 6-8 (explaining, in granting dismissal for lack of jurisdiction under
     Rule 12(b)(1), that requests for declaratory or injunctive relief are not actionable under the FTCA and that

22   Congress has precluded judicial review over VWP determinations); *see also* Dkt. 28 at 7-10 & Dkt. 34.
     Nor does the Court otherwise find consideration of any of the requests unrelated to discovery appropriate
     in this Order.  That is, Plaintiffs have not filed motions seeking the dispositive and injunctive relief

23   described in their opposition brief and this matter has been referred to the undersigned only in relation to
     all non-dispositive pretrial matters, other than those matters excluded by 28 U.S.C. § 636(b)(1)(A).  Dkt.
     44.

ORDER RE: MOTION TO COMPEL DISCOVERY
AND VIRTUAL DEPOSITIONS FROM
PLAINTIFFS - 13

<div style="text-align:center">CONCLUSION</div>

The Court, in sum, finds Defendant's request to compel discovery and virtual depositions to have merit, but finds no basis for the request to compel additional discovery contained in Plaintiffs' opposition to Defendant's motion.  Defendant's Motion to Compel Discovery and Virtual Depositions From Plaintiffs, Dkt. 37, is GRANTED.  The parties are herein ORDERED to promptly meet and confer regarding the scheduling of virtual depositions and the entry of a protective order.  Plaintiffs' objections to Defendant's First Set of Interrogatories Numbers 5-6 are overruled and Plaintiffs are ORDERED to produce complete responses to those interrogatories, and corresponding sworn verification pages, within **twenty-one (21) days** of the date of this Order.  Plaintiffs' objections to Defendant's First Set of Document Requests are likewise overruled and Plaintiffs are ORDERED to produce, within **twenty-one (21) days** of the date of this Order:  (1) Ms. Zhang's complete set of tax returns and filings for the years 2013-2016 (RFP No. 2); (2) a complete set of business tax returns for California Lighting LLC for the years 2014-2016 (RFP No. 3); (3) the LLC Agreement for California Lighting LLC (RFP No. 5); (4) all documents supporting Plaintiffs' allegations regarding emotional distress (RFP Nos. 8-11); and (5) executed medical releases in the form provided by Defendant, *see* Dkt. 38, Ex. D. The Clerk is directed to send copies of this order to the parties and to the Honorable Tana Lin.

Dated this 13th day of June, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge